818 F.2d 28
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wade J. CHAMBERS, Appellant,
v.
Coulbourn M. DYKES, Chief of Police, City of Salsbury Police
Department; Salisbury Police Department and City
of Salisbury, Appellees.
 86-3516.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 27, 1987.
Decided April 27, 1987.
 
 Before WIDENER, SPROUSE, and CHAPMAN, Circuit Judges.
 Wade J. Chambers, appellant pro se. Daniel Karp for appellees.
 PER CURIAM:
 
 
 1
 Wade Chambers, a former Salisbury, Maryland police officer, sued the City of Salisbury and its chief of police under 42 U.S.C. Sec. 1983 and 42 U.S.C. Sec.Sec. 2000e seq., alleging that the police department denied him an annual pay increment and transfer to canine duty because he is black. The department's stated reason for denying Chambers the pay increment and transfer was its determination that Chambers had been abusing his sick leave. Chambers challenged this justification as pretextual and maintained that the investigation into his use of sick leave was itself discriminatory. The district court, finding no evidence that race was a factor in the department's treatment of Chambers, entered summary judgment in favor of defendants.
 
 
 2
 We affirm. To avoid summary judgment, the nonmoving party must produce specific facts showing that there is a genuine and material issue for trial. Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Chambers failed to adduce evidence to show either that similarly situated white officers were treated more favorably or that there was a discriminatory motive behind the actions taken against him. Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981). Although Chambers takes issue with the manner in which the investigation into his use of sick leave was conducted and with the police chief's ultimate conclusion that he was abusing his sick leave, we find nothing in the conduct of the investigation or in the police chief's conclusions that Chambers had not earned his pay raise and should not be transferred to another duty squad to suggest that any discriminatory motive underlay the investigation. In short, Chambers presented only his own unsupported allegations of discriminatory motive. As held by the district court, such allegations are insufficient to withstand summary judgment. Ross, supra, at 365.
 
 
 3
 The judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately developed in the record and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.